Per Curiam,
It is said in Chitty on Pleading, Vol. 1 of the tenth American edition, at page *20, that “If only one of several executors or administrators brings an action, either of debt or assumpsit, or in tort, it is settled that the defendant can only take advantage of the non-joinder of the co-executor or administrator by pleading in abatement, after oyer of the probate or letters of administration, that the other executor or administrator therein mentioned is alive and not joined in the action.” If the defendant pleads the general issue he is too late. 1 Saunders, 291. The reason of the rule may be found in the fact that the non-joinder can do the defendant no harm, as a verdict for or against him is a full protection. A receipt or release by one executor discharges the debt. Devling v. Little, 26 Pa. 502. This is an answer to the first assignment of error. No application in reference to the non-joinder of Howard Oonrow, executor, as one of the plaintiffs, was made until the general issue had been pleaded. It came too late.
Nor do we see any error in rejecting the evidence referred to in the fifth assignment. It was not alleged that there was either fraud, accident or mistake in the execution of the agreement in regard to the commissions. Aside from this, the offer did not propose to show that the evidence had any reference to what took place at the time the paper was executed; nor was any time whatever designated when the alleged modification of the original agreement was made.
As there was nothing in the case to contradict the documentary evidence, it was not error to instruct the jury to find for the plaintiff.
Judgment affirmed. A. B. W.